UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

      Plaintiff,

v.                                    Case No:  2:25-cv-649-JES-DNF

DETECTIVE LORENZO SMITH OF
THE MARCO ISLAND POLICE
DEPARTMENT,

      Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on consideration of plaintiff's February 6, 2026, Motion (Doc. #16) seeking an additional extension of time to serve process.  For the reasons stated below, the motion is denied, and the case is dismissed without prejudice.

On July 22, 2025, plaintiff initiated his Complaint (Doc. #1) against Detective Lorenzo Smith of the Marco Island Police Department, in his "Official capacity" alleging false arrest in violation of plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983 related to an arrest that took place on July 27, 2021[1], at the Publix on Marco Island.  On November 12, 2025, the Court issued an Order to Show Cause (Doc. #9) noting no proof of

---

[1] "In Florida, claims brought under 42 U.S.C. § 1983 are subject to a four-year statute of limitations." Nord Hodges v. Albritton, 796 F. Supp. 3d 1082, 1096-97 (M.D. Fla. 2025).

service and directing plaintiff to show cause for failure to prosecute.  In response, plaintiff filed a Motion to Extend Time so that he could show cause.  (Doc. #10.)  Plaintiff was granted additional time to respond.  (Doc. #11.)  On December 4, 2025, plaintiff filed a response that failed to address the issues raised by the Court regarding service on defendant.  (Doc. #12.)  The Court had the document stricken as non-responsive and gave plaintiff 30 days to serve process through a "private process server, the U.S. Marshal's Service, or the Sheriff's Office by plaintiff making his own arrangements to ensure service of process."  (Doc. #13, pp. 1-2.)

On January 5, 2026, plaintiff filed a letter response indicating that he had to find defendant because he no longer worked at the Marco Island Police Department.  (Doc. #14.)  On January 7, 2026, the Court issues an Order (Doc. #15) noting that "plaintiff cannot himself execute the service of process" and providing guidance on how service must be executed.  (Id., p. 2.) Plaintiff was provided "**one last chance**" to execute service of process and if he failed to do so the case would be dismissed without further notice or order.  Despite this warning, plaintiff now returns with a rambling motion of his attempts to personally make contact and/or track down defendant.  "The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  Coleman v. St. Lucie Cnty. Jail, 433 F.

- 2 -

App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (stating that a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket)). In this case, the Court has provided plaintiff several opportunities to execute service of process, and the Court finds that dismissal is appropriate.

Accordingly, it is now

**ORDERED:**

The case is dismissed without prejudice for failure to prosecute. The Clerk shall enter judgment, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of February 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

- 3 -